UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. McGOWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1669 HEA |
| | ) | |
| HARTFORD FIRE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 6].  Defendant opposes the motion.  For the reasons set forth below, the Motion to Remand is denied.

Defendant removed this matter from the Circuit Court St. Louis, Missouri, based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Defendant's removal was premised on Plaintiff's allegations of monetary losses of more than $147,000.00.

When the parties to an action are citizens of different states, as they are here, a federal district court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Where a complaint alleges an unspecified amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in

controversy exceeds $75,000. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir.2003); *See also Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000).  The burden, therefore, is on the party invoking federal jurisdiction to show by a preponderance of the evidence that the claims originally asserted in the Complaint "could, that is might, legally satisfy the amount in controversy requirement."  *James Neff Kramper Family Farm Partnership v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir.2005) (citing *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir.2002)).

Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party.  *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107-09 (1941).  A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute.  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997); *In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993).  Moreover, "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff."  *Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1145 (8th Cir.1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State).

The determination about whether a federal court has removal jurisdiction is

made on the basis of the record at the time of removal.  *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); *Keene Corp. v. United States,* 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); *James Neff,* 393 F.3d at 834 (the court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'")(internal quotation omitted).  "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal."  *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969) (citations omitted).  Therefore, jurisdictional facts are judged at the time of the removal.

> "Under the preponderance standard, '[t]he jurisdictional fact ... is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are....' " [*Bell v. Hershey Co.,* , 557 F.3d 953 (8th Cir. 2009)] at 959 (quoting *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir.2002)) (alteration in original).  A plaintiff may, however, avoid removal by including "a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum."  *Id.* at 958 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995)).  Such a filing must be made prior to the defendant's removal of the case. *Id.*

> "It is axiomatic that the court's jurisdiction is measured either at the

time the action is commenced or, more pertinent to this case, at the
time of removal." *Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817,
822 (8th Cir.2011) (citing *McLain v. Andersen Corp.,* 567 F.3d 956,
965 (8th Cir.2009)). "Further, jurisdiction is determined at the time of
removal, even though subsequent events may remove from the case
the facts on which jurisdiction was predicated." *Quinn v. Ocwen Fed.
Bank FSB,* 470 F.3d 1240, 1248 (8th Cir.2006) (per curiam) (citing
*Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.,* 77
F.3d 1063, 1067–68 (8th Cir.1996)).

*Hargis v. Access Capital Funding, LLC,* 674 F.3d 783, 789 (8th Cir. 2012).

Although Plaintiff attempted to avoid federal jurisdiction by pleading that

he sought damages below the jurisdictional amount, Plaintiff did not, at any time

prior to removal, enter into a binding stipulation that he would not seek damages

greater than the jurisdictional minimum.  "[I]t is too late to do now."  *Bell*, 557

F.3d at 958.

The Court notes that Plaintiff has not responded to Defendant's Motion to

Dismiss, presumably because of the pendency of his Motion to Remand.  In that

the Court has concluded that the Motion to Remand should be denied, Plaintiff

will be given leave to file a response to the Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand, [Doc. No.

4], is denied.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to

Defendant's Motion to Dismiss within 5 days from the date of this Opinion.

   Dated this 25th  day of July, 2012.


                                        _____
                                           HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE